IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GALAN EDWARD LANGLEY                                              PETITIONER
ADC #501160

V.                          Case No. 4:24-CV-00734-JM-BBM

DEXTER PAYNE
THOMAS HEARST                                                    RESPONDENTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**I.      INTRODUCTION**

On August 29, 2024, Galan Edward Langley ("Langley"), a prisoner then incarcerated at the North Central Unit of the Arkansas Division of Correction ("ADC"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 2-1). Upon initial screening, the Court requested an Amended Petition because it was unable to

---

[1] As of October 25, 2024, Langley is incarcerated at the ADC's Cummins Unit. (Doc. 6).

determine: (1) what habeas claims Langley was asserting; and (2) whether Langley's federal habeas action should be allowed to proceed. (Doc. 4). Langley was warned that an Amended Petition would supersede his initial Petition. *Id*. at 2 (citing *See In re Atlas Lines, Inc*., 209 F.3d 1064, 1067 (8th Cir. 2000)).

On October 3, 2024, Langley filed an Amended and Substituted Petition, naming Dexter Payne ("Payne") and Thomas Hearst ("Hearst") as Respondents.[2] (Doc. 5). The Court ordered service, (Doc. 8), and, on February 27, 2025, Payne filed a Response, (Doc. 13). On March 3, 2025, the Court entered an Order giving Langley until April 2, 2025, to file a Reply. (Doc. 15). No Reply was filed. Accordingly, the issues are properly joined and ready for consideration. For the following reasons, to the extent it raises cognizable claims, the Court recommends that Langley's Amended and Substituted Petition be dismissed with prejudice as untimely.

## II.   FACTUAL BACKGROUND

### A.   Langley's Criminal Proceedings

On February 14, 2020, Langley was charged in the Circuit Court of Cleburne County, Arkansas, with Residential Burglary, Theft of Property, and Theft by Receiving.

---

[2] The "Amended and Substituted Petition" includes pages from the file-marked copy of Langley's original Petition. (Doc. 5 at 6–7). Additionally, although Langley named Hearst as a Respondent, Payne is the proper Respondent in this case. Langley's inclusion of Hearst as a Respondent does not change the recommendation that Langley's Petition be dismissed as untimely. *See* 28 U.S.C. § 2242 (stating habeas petition must name "the person who has custody over [the petitioner]").

Criminal Information,[3] *State v. Galan Edward Langley*, Cleburne County, Arkansas, Circuit Court Case No. 12CR-20-31 (filed on February 14, 2020). An "Affidavit for Warrant" filed the same day also mentions a charge for Possession of Drug Paraphernalia.[4] (Affidavit for Warrant at 1).

On April 8, 2021, Langley signed a Plea Statement and Plea Agreement. (Plea Statement at 2; Plea Agreement at 2). In his Plea Agreement, Langley agreed to plead guilty to Breaking and Entering and Theft of Property in exchange for dismissal of the remaining charges. (Plea Agreement at 1–2). The Plea Agreement reflects the prosecutor's recommendation for incarceration at a Regional Punishment Facility.[5] *Id*. at 1. The circuit court judge entered a Sentencing Order the same day, sentencing Langley to 60 months in a Community Corrections Center ("CCC") for the Breaking and Entering and Theft of Property charges, respectively, with the sentences to run concurrent to one another. (Doc. 13-1 at 1–2, 4).

After entry of the Sentencing Order, Langley was transferred to an ADC facility rather than a CCC because, "upon administrator review, he was deemed ineligible for

---

[3] This document is docketed as a "Criminal Information," but the actual title reflected on the document is "Felony Information." Additionally, Arkansas state court records can be found using the Arkansas Judiciary's Court Connect website: https://caseinfo.arcourts.gov/opad (last accessed May 26, 2025). Because the Court introduces each state court docket entry by its filing date, the Court simply refers to the name of the docket entry in the remaining discussion.

[4] The same Affidavit references Langley's status as a habitual offender for sentencing purposes. (Affidavit for Warrant at 1). The full title of this Affidavit is "Cleburne County Sheriff's Department Criminal Investigation Division Probable Cause Affidavit."

[5] In the Plea Agreement, the exact language is: "the Prosecuting Attorney or his Deputy agree to recommend that that the Circuit Court sentence [Langley] to a term of incarceration at the Arkansas Department of Corrections/ Regional Punishment Facility[.]" (Plea Agreement at 1). "Regional Punishment Facility" is underlined. *Id.*

3

RCF." (Doc. 13 at 1; Doc. 13-6 at 2). In other words, Langley was deemed ineligible for placement in CCC. This transfer—to an ADC facility instead of a CCC facility—is the central focus of Langley's habeas claim. (Doc. 5 at 5–6).

Subsequently, Langley filed several motions and petitions in his criminal case. On May 12, 2021, Langley filed a "Motion to Correct an Illegally Imposed Sentence." (Doc. 13-2). Therein, Langley alleged that his sentence was illegally changed from 60 months in a CCC to 60 months' imprisonment in an ADC facility. *Id*. at 1–5.

On June 1, 2021, Langley filed another motion in his criminal case—a "Motion for Credit for Time Spent in Custody." (Doc. 13-3). Therein, Langley claimed he was entitled to 398 days of jail credit. *Id.* at 2. On the same day, Langley filed a "Petition to Correct a Sentence Imposed in an Illegal Manner Pursuant to Ark. Code Ann. § 16-90-111." (Doc. 13-4). In that Petition, Langley takes issue with his "denial [of] CCC." *Id.* at 2. Then, on June 28, 2021, Langley filed a "Rule 37 Petition for Post-Conviction Relief," alleging speedy-trial violations, ineffective-assistance-of-counsel, and prosecutorial-misconduct claims. (Doc. 13-5 at 1–7). In the same filing, Langley also argued that he never agreed to an ADC sentence. *Id.* at 4.

On August 20, 2021, the sentencing court entered an order titled, "Order Denying Defendant's Request to Modify Illegal Sentence." (Doc. 13-6). In this Order, the circuit court denied Langley's "Petition for Modification of Sentence," reasoning that the "Prosecuting Attorney's Office has no control over the Arkansas Department of Corrections or the Arkansas Department of Corrections determination [sic] of eligibility to certain ADC/RCF programs." *Id.* at 2. The circuit court did modify Langley's Sentencing

4

Order, however. On August 23, 2021, the circuit court entered a new Sentencing Order reflecting 79 days of jail credit, styled as a "First (1st) Amended Sentencing Order." (Doc. 13-7 at 4). Langley did not seek direct review or file a new post-conviction petition in 2021, 2022, or 2023. Nearly three years later, on April 22, 2024, Langley filed a document titled, "Motion for Credit for Time Spent in Custody," and on May 7, 2024, Langley filed a "Habeas Corpus Petition," (Doc. 13-9), alongside a "Declaration in Support," (Doc. 13-10).[6] All three filings remain pending before the state circuit court.[7]

### B.    Langley's Amended and Substituted Petition (Doc. 5)

According to Langley's Amended and Substituted Petition, after he entered into his plea agreement, the prosecutors "changed" the agreement.[8] (Doc. 5 at 5). Specifically, Langley alleges that his plea agreement specified a term of five years in a CCC. *Id.* at 6. However, on May 2, 2021, the state breached the agreement when he was transferred to the ADC instead of the CCC, presumably, according to Langley, due to an error by the Van Buren County Sheriff's Office. *Id*. Langley asserts that his time in the ADC instead of the CCC "is not a matter of housing assignment" because "ADC rather than CCC is a harsher

---

[6] The full title of the "Declaration in Support" is "Habeas Corpus Petition (A.C.A. § 16-112-201-208) Declaration in Support Of."

[7] Langley also filed a "Petition for Declaratory Judgement" [sic] and "Motion to Transport by Sheriff" on May 7, 2024. On May 8, 2024, Langley filed a "Motion for Order Inmate's Presence at a Scheduled Hearing." As with Langley's "Motion for Credit for Time Spent in Custody," "Habeas Corpus Petition" and "Declaration in Support," these filings remain pending.

[8] Excluding the conclusion, in the remainder of this Recommendation, the Court refers to the Amended and Substituted Petition as the "Petition."

sentence, [and it] violat[es] my rights under ex post facto laws[] [and] negatively affect[s] me by increasing the punishment imposed by the court."[9] *Id*.

The above facts form the basis of Langley's sole claim: wrongful incarceration in the ADC in violation of the plea agreement and the judge's directions mandating CCC placement. (Doc. 5 at 6–7). Langley alleges that his continued incarceration in the ADC violates the Ex Post Facto Clause and his Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution. *Id*. at 5–6.

### C.    Respondent Payne's Response (Doc. 13)

In his Response, Payne details the history of Langley's state court case. (Doc. 13 at 1–3). Payne then argues that Langley's Petition should be dismissed because it is: (1) time-barred, *id*. at 3–5; or, in the alternative, (2) procedurally defaulted, *id.* at 5–8.

## III.   DISCUSSION

Langley raises several issues in his Petition. However, for the reasons set forth below, to the extent it even raises cognizable claims, Langley's Petition is untimely. Accordingly, it should be dismissed.

### A.    Cognizable Claims

To the extent Langley challenges his confinement in a certain facility, he does not raise a cognizable habeas claim. (*See* Doc. 5 at 11, requesting immediate transfer to a CCC facility). Habeas Corpus is the exclusive remedy when a claim "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate

---

[9] Throughout this Recommendation, the Court corrects any capitalization errors in Langley's writing internally and without brackets.

release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). If a prisoner is not challenging the validity of his criminal conviction or sentence or the duration of his confinement, a writ of habeas corpus is not the proper remedy. *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("Where [a] petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state [or federal] custody, the district court lacks the power or subject matter jurisdiction to issue a writ.").

Because the Court liberally construes Langley's Petition as challenging the voluntariness of this guilty plea and requesting immediate release, however, the Court will analyze Langley's cognizable claims under the familiar § 2254 rubric.[10] As explained below, the analysis of Langley's Petition begins and ends with timeliness.

B.   **Statute of Limitation**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitation period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The statute of limitation period runs from the latest of:

(A)   the date on which the judgment became final by the conclusion of a direct review or the expiration of the time for seeking such a review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[10] In his Petition, Langley requests immediate release, or in the alternative, to be sent to a CCC. (Doc. 5 at 11). A request for a shorter sentence—*e.g.*, release sooner or immediate release—generally falls within the province of habeas corpus. *See Kruger*, 77 F.3d at 1073.

7

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at (d)(1)(A)–(D).

In this case, Langley's petition was due one year from "the date on which his judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The trial court entered its first Sentencing Order in Langley's case on April 8, 2021. A notice of appeal must be filed within thirty days from the date of entry of a judgment or uniform sentencing order. ARK. R. APP. P.-CRIM. 2(a)(1). Thus, assuming that the April 8, 2021 Sentencing Order is the operative sentencing order, Langley's judgment became "final" 30 days after entry of the April 8, 2021 Sentencing Order. The statute of limitation began running the next day, and expired one year later in 2022, absent any tolling. *See Camacho v. Hobbs*, 774 F.3d 931, 932–33 (8th Cir. 2015) (holding that for Arkansas defendants who enter unconditional guilty pleas, the judgment is deemed final thirty days from entry of the judgment).

As relevant to Langley's case, the AEDPA limitations period is tolled while a "*properly filed*" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). In this case, Langley filed several post-conviction motions and petitions. The

Court denied Langley's "Petition for Modification of Sentence" on August 20, 2021.[11] As a result, assuming Langley "properly filed" this post-conviction request, he is arguably entitled to 100 days of tolling. But a mere 100 days of tolling does not make Langley's August 29, 2024 Petition timely.

Finally, even if the Court assumed, *arguendo*, that the Amended Sentencing Order entered on August 23, 2021, is the relevant "judgment" for statute of limitation purposes, Langley did not file a notice of appeal within 30 days of August 23, 2021. Nor did he file a Rule 37 postconviction motion within 90 days of entry of judgment. *See* Ark. R. Crim. P. 37.2(c)(i). Untimely state postconviction petitions are not "properly filed" and do not toll the statute of limitations. *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).

Thus, even assuming that the August 23, 2021 Amended Sentencing Order is the relevant judgment, Langley did not properly file any state applications for post-conviction relief that tolled the one-year statute of limitations. Langley's August 29, 2024 Petition is untimely by almost three years and should be dismissed.

---

[11] The Court agrees with Payne that the trial court's denial of Langley's "Petition for Modification of Sentence," entered on August 20, 2021, *also* constitutes a denial of all pending Rule 37 motions. The Arkansas Supreme Court has explained that a petition for post-conviction relief attacking a judgment, regardless of the label placed on it by the petitioner, is considered pursuant to Rule 37. *Green v. State*, 2016 Ark. 216, 492 S.W.3d 75 (per curiam); *Nickels v. State*, 2016 Ark. 11, 2016 WL 192745 (per curiam). Additionally, Langley's 2024 post-conviction filings currently pending in the state circuit court do not change the outcome in this case. AEDPA's statute of limitation "cannot be tolled after it has expired." *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006). Thus, the currently pending motions cannot toll the already-expired statute of limitation.

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Langley's Amended and Substituted Petition for Writ of Habeas Corpus, (Doc. 5), be DISMISSED with prejudice as untimely.

2. A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)–(2); RULE 11(a), RULES GOVERNING § 2254 CASES IN UNITED STATES DISTRICT COURTS.

3. Judgment be entered accordingly.

DATED this 28th day of May, 2025.

                                                /s/ Benecia Moore
                                                UNITED STATES MAGISTRATE JUDGE